NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSE W. LINARES ROSADO,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3003

---

Petition for review of the Merit Systems Protection Board in NY3443080345-B-1.

--------------------

---

**JOSE W. LINARES ROSADO,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3004

---

Petition for review of the Merit Systems Protection Board in NY3330080346-B-1.

---

Decided: May 6, 2011

---

JOSE W. LINARES-ROSADO, of Luguillo, Puerto Rico

STEPHANIE CONLEY, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for the respondent. With her on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, PLAGER, and PROST, *Circuit Judges*.

PER CURIAM.

## DECISION

In these two petitions for review of orders of the Merit Systems Protection Board, José Linares Rosado seeks review of the Board's decisions dismissing his appeals relating to his non-selection for a permanent position with the United States Postal Service. We affirm the Board's decision in each of the two cases.

## BACKGROUND

Mr. Linares Rosado worked for the Postal Service for several years as a temporary employee. Following his separation in 2003, he served in the United States military. After leaving military service, he made several attempts to reenter the Postal Service workforce. In May

2008, the agency extended him a tentative offer as a Part Time Flexible City Carrier. He was told that permanent employment with the Postal Service would be conditioned on his ability to meet the agency's medical suitability requirements for that position.

Mr. Linares Rosado was subsequently examined on two occasions by Dr. Luis A. Echevarria. In addition to examining Mr. Linares Rosado, Dr. Echevarria reviewed a report sent to the Postal Service by Dr. Marian Torres Medina of the Veterans Administration Healthcare System. Dr. Torres Medina stated that she scheduled an examination for Mr. Linares Rosado, but that when he did not show up for that appointment, she based her report on a review of the records of another physician who had examined him.

In July 2008, after reviewing the evaluation of Dr. Echevarria, the Postal Service informed Mr. Linares Rosado that he had been found medically unsuitable for the position of City Carrier based on a medical evaluation and a review of his medical records. The agency noted that the Office of Personnel Management ("OPM") would review that decision because Mr. Linares Rosado was a veteran with service-connected disabilities of at least 30 percent. *See* 5 C.F.R. § 339.306(b)(2). Mr. Linares Rosado was told that he could submit any relevant information to OPM within 15 days. He submitted additional information that he claimed would undermine the Postal Service's medical findings. Despite that new information, OPM rendered a final determination that Mr. Linares Rosado's "medical condition presents an unacceptable safety and health risk and is likely to adversely affect [his] ability to perform the full range of duties required for the position."

In August 2008, Mr. Linares Rosado filed an appeal with the Merit Systems Protection Board arguing that the Postal Service had failed to comply with applicable laws and regulations when it chose not to hire him for a permanent mail carrier position. The Board docketed his appeal as three separate actions: (1) a challenge to the Postal Service's conclusion that he was medically unsuitable for the carrier position; (2) an allegation that the Postal Service had violated the Veterans Employment Opportunities Act ("VEOA"); and (3) an allegation that the Postal Service had violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

Before the Board issued any rulings in the related cases, Mr. Linares Rosado engaged in mediation with the Postal Service through the agency's Equal Employment Opportunity ("EEO") mediation program. In September 2008, the parties signed a settlement agreement under which Mr. Linares Rosado would be referred to the agency's Reasonable Accommodation Committee to present any medical evidence in support of his claim. Under the settlement agreement, he would be awarded back pay from May 2008 to the effective date of appointment to a career position with the agency if he was found to be physically and mentally fit for such a position. The settlement agreement purported to resolve the "pending MSPB appeal."

After receiving the settlement agreement, a Board administrative judge issued initial decisions summarily dismissing all three appeals as withdrawn. Over the next several months, Mr. Linares Rosado attempted to file several documents with the Board contesting the terms of the settlement agreement. The administrative judge refused to consider those documents because they were untimely filed.

In June 2009, the parties agreed to revoke and void the settlement agreement and recommence mediation under the EEO program. Mr. Linares Rosado then petitioned for Board rehearing of the dismissals of his appeals. In October 2009, the Board vacated and remanded the three decisions to the administrative judge after finding that Mr. Linares Rosado had "presented sufficient new evidence regarding whether a settlement agreement was ever reached to both excuse his late filing and support a request to reopen and reinstate his appeals."

In separate rulings on remand, the administrative judge again dismissed Mr. Linares Rosado's challenge to the Postal Service's medical unsuitability determination and his VEOA appeal.[1] The administrative judge concluded that the Board lacked jurisdiction over Mr. Linares Rosado's challenge to the Postal Service's medical unsuitability determination because the statute governing an agency's decision to pass over a preference eligible job applicant does not provide for a right of appeal to the Board. The administrative judge separately concluded that the Board lacked jurisdiction over any challenge brought by Mr. Linares Rosado under the VEOA, either because he had not exhausted his administrative remedies or because he had not raised a non-frivolous allegation of a violation of a statute or regulation relating to veterans preference. After the full Board denied review, Mr. Linares Rosado sought review in this court.

### DISCUSSION

The Merit Systems Protection Board has limited jurisdiction. Absent special circumstances, an agency's

---

[1] Mr. Linares Rosado's USERRA appeal is not before the court.

failure to select an individual for a position is not review-able by the Board. *See* 5 U.S.C. §§ 7512, 7513. As noted by the Board, the statute governing agency procedures for passing over a preference eligible applicant does not provide for Board review of that decision, whether that determination is made by the agency alone or only after review by OPM. *See* 5 U.S.C. § 3318; 5 C.F.R. § 332.406(g); *Lodge v. Dep't of the Treasury*, 109 M.S.P.R. 614, 618 n.3 (2008). Because Mr. Linares Rosado has failed to show that the Board has jurisdiction over his non-selection, we affirm the Board's dismissal of his challenge to the Postal Service's medical unsuitability determination for lack of jurisdiction.

The Board may consider claims arising from a non-selection when the VEOA provides an independent ground for the exercise of jurisdiction. A preference-eligible veteran may file a complaint with the Department of Labor ("DOL") alleging that an agency has violated that individual's rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(a)(1)(A). Any such complaint must be filed within 60 days of the date of the alleged violation. *Id.* § 3330a(a)(2)(A). If DOL does not resolve the complaint within 60 days of its filing, the veteran may appeal the violation to the Board after first providing written notification to DOL that the veteran intends to appeal. *Id.* § 3330a(d)(2)(A). No appeal to the Board may be taken under the VEOA before that admin-istrative remedy is exhausted. *See* 5 C.F.R. § 1208.2(b); *Downs v. Dep't of Veterans Affairs*, 110 M.S.P.R. 139, 143 (2008).

The Board found no evidence that Mr. Linares Rosado had ever filed a complaint with DOL alleging a violation of the VEOA relating to the Postal Service's medical unsuitability determination. The record reflects that he

filed two complaints with DOL, but both of those complaints antedate and are unrelated to the medical unsuitability determination. Because Mr. Linares Rosado has not presented any evidence that he has exhausted his administrative remedies, the Board lacks jurisdiction over his VEOA claim to the extent that it relates to the medical unsuitability determination.

The administrative judge also addressed and dismissed VEOA claims raised by Mr. Linares Rosado arising from his separation from his position in 2003. On appeal, Mr. Linares Rosado states several times that his present VEOA appeal "is not related in any manner to [his] case in 2003," which is "completely different." He takes the position that the events of 2003 simply provide a backdrop to the violations alleged in the present case. Therefore, we do not consider his claims arising from agency actions that took place before 2008.

Mr. Linares Rosado alleges a due process violation stemming from that fact that he has "fil[ed a] motion without the benefit of receiving copies of the written documents presented by the [Postal Service]." His claim appears to be that the Postal Service did not provide him with complete documentation supporting its medical unsuitability determination. We have recognized that public employees have a due process right to notice of the employer's evidence and an opportunity to respond to that evidence before a removal, *see, e.g.*, *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1279 (Fed. Cir. 2011), but Mr. Linares Rosado is not contesting a removal in this case. Even if the Postal Service acted improperly in refusing to give Mr. Linares Rosado access to his medical records, the Board would have no jurisdiction to remedy that violation because it lacks jurisdiction over his non-selection claim.

Mr. Linares Rosado alleges several other violations of "Law, Rules, [and] Regulations" by the Postal Service, the Department of Veterans Affairs, and OPM. Several of those regulations address procedures for "suitability actions." However, the actions taken by the Postal Service and OPM here were not suitability actions as that term is used in the pertinent regulations. *See* 5 C.F.R. 731.203(b). With respect to the remaining statutes and regulations raised by Mr. Linares Rosado, he has failed to present evidence that any of those laws have been violated by any of the agencies he identifies. We therefore affirm the Board's dismissal of each of his claims for lack of jurisdiction.

No costs.

**AFFIRMED**